99c5830Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4832 | **DATE** | September 27, 2001 |
| **CASE TITLE** | Michael Durkin & Loretta Reed v. Equifax Check Services, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion for Summary Judgment (doc. #13) and Plaintiff's Cross-Motion for Summary Judgment (doc. #27)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's Motion for Summary Judgment (doc. #13) is **DENIED**. Plaintiff's Cross-Motion for Summary Judgment (doc. #27) is **DENIED**.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 2 8 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | 15 | 51 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 SEP 28 AM 11:32 | | |
| JHC | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| MICHAEL DURKIN and LORETTA REED,<br>Plaintiffs,<br><br>v.<br><br>EQUIFAX CHECK SERVICES, INC.,<br>Defendant. | CASE NO. 00 C 4832<br><br>JUDGE WILLIAM J. HIBBLER |

## MEMORANDUM AND OPINION

Plaintiffs Michael Durkin ("Durkin") and Loretta Reed ("Reed") have brought this action against Defendant Equifax Check Services, Inc. ("ECS") for ECS's alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. This Court converted ECS's Motion to Dismiss (doc. #10) into a Motion for Summary Judgment (doc. #13). In the matter now before this Court, Plaintiffs oppose Defendant's summary judgment motion and have filed a cross-motion for summary judgment (doc. #27). For the reasons noted herein, Defendant's Motion for Summary Judgment is **DENIED**, and Plaintiff's Cross-Motion for Summary Judgment is **DENIED**.

### BACKGROUND

On March 15, 2000, a check written in Durkin's name, was presented to Funco, Inc. The check was returned unpaid because the account on which it was drawn was closed. Defendant ECS and Funco had an agreement whereby, ECS authorized and warrantied checks presented to Funco. As part of this agreement, ECS purchased the bad check from Funco and attempted to collect the face amount of the check on its own behalf, plus any service charge from Durkin.

1



In an effort to collect the face amount of the check, ECS sent, Durkin a form collection letter dated April 10, 2000.[1] ECS sent a second collection letter from on April 24, 2000.[2] ECS mailed a third and final letter to Durkin dated May 8, 2000.[3] Also on May 8, 2000, Plaintiff's

---

[1] The April 10, 2000 letter stated in pertinent part:

> Federal law gives you thirty (30) days after you receive this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, we will assume that it is valid. If you do dispute it, and you notify us in writing to that effect, we will, as required by law, obtain and mail to you proof of the debt. And if within the same period, you request in writing the name and address of the merchant to whom your check was written, we will provide you with that information too....The law does not require us to wait until the end of the 30-day period before taking action to collect this debt. If, however, you request proof of the debt or the name and address of the merchant to whom you wrote your check within the 30-day period that begins with your receipt of this letter, the law requires us to suspend our efforts to collect the debt until we mail the requested information to you....

(Pls.' Am. Consol. Class Act. Compl. Ex. A.)

[2] The April 24, 2000 letter stated in pertinent part:

> Despite a previous written notice, you have failed to make full restitution on your $217.45 dishonored check written to Funco, Inc. nearly 5 weeks ago. Your check was returned as a dishonored item and has been assigned to our Collection department to determine an appropriate action by Equifax Check Services, Inc. ("ECS") that will result in payment of this check.
>
> Should you fail to pay for this dishonored check or contact this office to make arrangements, steps will be taken to determine if your check will be assigned to an investigator or to a collection agency.
>
> You can stop this process by sending your payment in full, including the service charge referenced below, to ECS. ...
>
> CONTINUED REFUSAL TO HONOR THIS RETURNED CHECK WILL RESULT IN YOUR CREDIT FILE BEING IMPACTED WITH A NEGATIVE REFERENCE WHICH MAY IMPACT FUTURE CREDIT GRANTING DECISIONS.

(Pls.' Am. Consol. Class Act. Compl. Ex. B.)

[3] The May 8, 2000 letter stated in pertinent part:

> Equifax Check Services, Inc. has previously sent you letters requesting restitution for your dishonored check that we purchased from Funco Inc.

counsel mailed a letter to ECS, disputing the validity of the debt because the check in question was stolen from his wife and subsequently forged by an unknown person. Because of this dispute, ECS then ceased all collection activity and removed any negative reference regarding the check from Plaintiff's credit history. ECS mailed Reed the same validation notice that Durkin received in his collection letters.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Sampler v. City Chevrolet Buick Geo, Inc.*, 10 F. Supp. 2d 934, 936 (N.D. Ill. 1998). On cross-motions for summary judgment, this Court must look to the burden of proof that each party would bear at trial. *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997). Each party is then required to go beyond the pleadings and establish a genuine issue of material fact. *Id.* This is because a party's position as a cross-movant does not absolve it of its burden as a non-movant to set forth facts as to why summary judgment is not appropriate. *Ryan v. Chromalloy Am. Corp.*, 877 F.2d 598, 602 (7th Cir. 1989). This Court must consider the merits of each cross-motion for summary judgment separately and draw all reasonable inferences and resolve all factual uncertainties against the party whose motion is under

---

> Despite repeated requests and notifications regarding your unpaid check, you have seemingly elected to ignore your original obligation. Rather than continue to send requests that go unanswered, we have elected to proceed further with more extensive collection efforts. Should you continue to refuse to honor your obligation, we will furnish information on your dishonored check to a national credit bureau. The credit information may be retained on your record up to seven years...You may reach our offices at the number below if you wish to discuss this matter further.

(Pls.' Am. Consol. Class Act. Compl. Ex. C.)

consideration. *Am. Broad. Co. v. Maljack Productions, Inc.*, 34 F. Supp. 2d 665, 668-669 (N.D. Ill. 1998). The non-moving party must offer sufficient evidence to create a genuine issue of material fact for trial. *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1061 (7th Cir. 2000). This requires more than mere speculation about how a naive debtor would interpret the letter. *Id.*

ANALYSIS

A. Defendant's Motion for Summary Judgment

In its Motion for Summary Judgment, Defendant raises three arguments. First, that the collections letters would not lead an unsophisticated consumer to believe that the 30-day period for disputing the debt had expired. Next, Defendant asserts that it did not falsely imply that the debt had not been referred to a collection agency. Finally, Defendant claims that its inclusion of a toll free telephone number did not violate the FDCPA. This Court has considered Defendant's claims and finds that a genuine issue of material fact exists with regard to all of them.

When considering claims brought under the FDCPA, the Seventh Circuit has consistently applied the unsophisticated debtor standard. *See Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 501 (7th Cir. 1999); *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1059-1060 (7th Cir. 1999); *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997). According to this standard, a statement will not be confusing or misleading unless a significant fraction of the population would also be deceived. *Pettit*, 211 F.3d at 1057 (citing *Gammon v. GC Servs., Ltd.*, 27 F.3d 1254, 1260 (7th Cir. 1994) (Easterbrook, J., concurring)). Furthermore, the unsophisticated debtor "possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences." *Id.* In order to analyze these letters, the important

question is "whether a dunning letter is confusing." *Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000) (citing *Johnson*, 169 F.3d at 1060)). This issue of confusion is for the district judge to decide. *Bartlett*, 128 F.3d at 501. However, it should be noted that "[u]nsophisticated readers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade." *Johnson*, 169 F.3d at 1060. With these considerations in mind, this Court now addresses whether the Defendant's letters violate the FDCPA.

   1. <u>A genuine issue of fact exists as to whether Defendant's dunning letters were confusing.</u>

In this case, Defendant's first collection letter clearly satisfies the notice requirements of Section 1692(g). However, Plaintiffs contend that ECS's second and third collection letters render the validation notice in the initial letter ineffective. Specifically, Plaintiffs contend that the second and third letters confuse the consumer about his or her right to dispute the debt.

In *Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997), the Seventh Circuit illustrated three ways in which collection letters can confuse consumers about their validation rights: (1) actual contradiction, (2) overshadowing, and (3) the failure to explain an apparent though not actual contradiction. *Id.*, at 500. The court noted that these distinctions are important because the unsophisticated consumer should be protected from confusion no matter "what form it takes." *Id.* The most common case arises when the letter demands payment within thirty days while at the same time, explains the consumer's right to demand verification within thirty days. *Id.* The point being, even if these rights are not inconsistent, they are nevertheless confusing because the letters fail explain how the two provisions fit together. Id. "Whether a given message is confusing is, [the Seventh Circuit] held in *Gammon, Bartlett*, and *Johnson*, a question of fact, not of law or logic." *Walker*, 200 F.3d at 503. This Court finds that the ECS's letters may confuse

5

unsophisticated consumers about their rights, and therefore, the issue is a question for the trier of fact to decide.

Furthermore, although neither Section 1692(g), nor relevant Seventh Circuit authority requires Defendant to remind Plaintiffs of the time that they have to dispute Defendant's collection efforts, the Seventh Circuit has held that a violation of the FDCPA occurs when a dunning letter is confusing to the unsophisticated debtor, which can occur even when the letter technically conforms to the FDCPA by including the required validation notice. *Mosby*, 205 F.3d at 326. In fact, "an explanation may prevent confusion from arising, but when one is missing, the factual question remains." *Johnson*, 169 F.3d at 1060. Therefore, "[t]o learn how an unsophisticated reader reacts to a letter, the judge may need to receive evidence." *Id.* Surveys and other empirical evidence could be used to measure confusion, only if a benchmark measure of consumer understanding was included. *Id.* In this case, both parties have provided expert opinions regarding whether the letters are confusing to unsophisticated consumers. It goes without saying that the experts disagree as to whether the letters were confusing or not. Therefore, this Court finds that as a genuine issue of material fact exists as to whether the letters are confusing to unsophisticated consumers in violation of FDCPA.

### 2. A genuine issue of fact exists as to whether Defendant violated Section 1692(e).

Defendant's next argument is that it did not violate § 1692e when it implied that Plaintiff's debt hadn't yet been referred to a collection agency. Furthermore, Defendant asserts that it is not a collection agency within the FDCPA and therefore, summary judgment should be granted in its favor. Plaintiff counters that not only is Defendant a collection agency within the meaning of the Act, but that it engaged in false, deceptive and misleading misrepresentations in violation of the Act.

Defendant first argues that its letters did not violate § 1692e because it is entirely proper for a collection agency to refer a debt to another collection agency or an investigator. Plaintiff counters that the letters are misleading in their threat to take steps to determine whether the debt should be assigned to an investigator or collection agency. Plaintiff claims that this statement is deceptive for two reasons, because no steps are taken to assign debts to collection agencies[4] and because it implies that the alleged debt has not yet been referred to a collection agency. As to the assertion that no steps are taken to assign debts to collection agencies, this Court finds that argument to be a matter of semantics. This Court finds it of little consequence that a computer is programmed to assign debts rather than an actual person. Defendant should not be penalized for it technological advances. However, Plaintiffs' assertion that Defendant's letters imply that the debt has not yet been referred to a collection agency to be an issue best left for the jury to resolve. As has been previously stated, whether a letter is confusing is a question of fact, rather than law, therefore, the issue of misrepresentations in the letter survives the motion for summary judgment.

Section 1692(a)(6) defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). Defendant was collecting this debt on its own behalf because it had purchased the debt from Funco. Creditors who collect in their own name and whose principal business is not debt collection, are not subject to the FDCPA. 15 U.S.C. § 1692(e); *Aubert v. American General Finance, Inc.*, 137 F.3d 976, 978 (7th Cir. 1998). However, Defendant is a business which has as its principal

---

[4] Defendant's collection manager testified that debts are automatically referred to a collection agency or investigator. (Pls.' Ex. G at 30-31.)

purpose, the collection of debts. Therefore, Defendant is a "debt collector," within the meaning of the FDCPA. Accordingly, Defendant's Motion for Summary Judgment is **DENIED** as to Count II.

> 3. <u>A genuine issue of material fact exists as to whether Defendant violated Section 1692(f).</u>

Defendant also argues that its collection letters did not demand or direct Plaintiffs to call to discuss the debt, but rather provided the toll free number as a means of communicating repayment terms. Plaintiffs counter that any requests that consumers telephone the debt collector during the validation period constitute unfair collection practices.

This Court finds *Seplak v. IBMS, Inc.*, No. 98 C 5973, 1999 WL 104730, at *5 (N.D. Ill. Feb. 23, 1999), to be instructive. In *Seplak*, the court found that telephone references in collection letters could be confusing to an unsophisticated consumer. As Judge Grady astutely recognized, "relying on these requests, a consumer could mistakenly allow thirty days to pass without producing the written notification necessary to obtain verification of the debt and the name and address of the original creditor." *Id.* (citing 15 U.S.C. § 1692g(a)). The court in *Seplak* found it particularly important that the letters at issue, like those in this case, failed to explain that disputing a debt by telephone does not fall within the statutory scheme detailed in the validation notice. Accordingly, because Defendant's letters do not explain the significance of written disputes, a reasonable jury could find consumer confusion. Therefore, Defendant's Motion for Summary Judgment is **DENIED** on all claims.

### B. Plaintiff's Cross-Motion for Summary Judgment

Plaintiffs argue that summary judgment should be granted in their favor because Defendant's letters violate § 1692g as a matter of law. In support of this claim, Plaintiffs assert

8

that Defendant is required to notify consumers that they may require Defendant to provide proof of the debts validity. Plaintiffs also assert that Defendant's second and third letters obscure the validation notice of the first letter in violation of the FDCPA.

As noted above, the issue of whether the letters are confusing is one best left for the jury. This Court is cognizant of the fact that no extrinsic evidence is needed where the violation of the FDCPA is on the face of the collection letters. *Avila v. Rubin*, 84 F.3d 222, 226-227 (1996). In the instant case, however, it cannot be said that a violation exists on the face of these collection letters. Also, whether a given letter is confusing is a question of fact, not of law or logic. *Walker*, 200 F.3d at 503. Additionally, as stated earlier in Defendant's Motion for Summary Judgment on Count I, although the district judge is capable of deciding this case, this Court will not determine which expert is more believable with respect to whether or not the letters are confusing.

## CONCLUSION

For the reasons noted herein, Defendant's Motion for Summary Judgment is **DENIED**, and Plaintiff's Cross-Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**
DATED: September 27, 2001

WILLIAM J. HIBBLER, DISTRICT JUDGE.