# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 4832 | DATE | 9/5/2003 |
| CASE TITLE | DURKIN, et al. vs. EQUIFAX CHECK SERVICES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion for judgment on the pleadings (#80) is **denied**. Enter Memorandum Opinion and Order. Status hearing to set trial schedule set for 9/24/03 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 4 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | SEP 0 8 2003 date docketed | 86 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 9/5/2003 date mailed notice | |
| | Copy to judge/magistrate judge. | | |
| JHC | courtroom deputy's initials | Date/time received in central Clerk's Office | JHC mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL DURKIN and LORETTA REED, )
individually, and on behalf of all others similarly )
situated, )
 )
 )
Plaintiffs, )
 )   No. 00 C 4832
v. )
 )
EQUIFAX CHECK SERVICES, INC., )   The Honorable William J. Hibbler
 )
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, on behalf of themselves and a class certified by this Court on February 12, 2001, brought suit against Defendant Equifax Check Services, Inc., n/k/a Certegy Check Services, Inc. (Equifax), for alleged violations of the Fair Debt Collection Practice Act (FDCPA), 15 U.S.C. § 1692 et seq. Defendant now moves for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). For the following reasons, Defendant's motion is **denied.**

### Background and Analysis

Equifax purchases dishonored checks from merchants. Equifax then contacts the check's maker through a series of collection letters demanding full payment.[1] Plaintiffs, as recipients of these letters, claim that Equifax's collection efforts violate the FDCPA. Specifically, Plaintiffs argue that the letters confuse the unsophisticated consumer into abandoning their statutory right to contest the debt's validity. On September 27, 2001, the Court denied the parties' cross motions for summary judgment, *Durkin v. Equifax Check Services, Inc.*, No. 00 C 4832, 2001 WL 1155254 (N.D.Ill. Sept. 28,

---

[1] The Court's September 27, 2001 Order summarized relevant portions of the letters' text.

1

2001), finding that a genuine issue of existed as to whether Equifax's collection letters were confusing. In holding so, the Court acknowledged that the parties offered conflicting expert testimony regarding whether the letters confused unsophisticated consumers. This factual dispute precluded entry of summary judgment in either party's favor.

Following discovery, Defendant moved to bar Plaintiffs sole expert witness. The Court granted Defendant's motion, finding the expert's opinion unacceptably broad and unreliable. *See* Jan. 21, 2003 Order. This ruling conceivably prompted Defendant to bring the present motion. Defendant now argues that it is entitled to judgment because Plaintiffs lack extrinsic evidence to corroborate their confusion claims. In support of its position, Defendant argues that the Seventh Circuit requires FDCPA plaintiffs to substantiate confusion claims with extrinsic evidence and that Plaintiffs have failed to carry this evidentiary burden. Plaintiffs dispute that the Seventh Circuit always requires extrinsic evidence of confusion and also disputes that this case requires such corroboration. The Court need not address this difficult issue, however, because Defendant's motion is brought pursuant to the wrong procedural rule.

Defendant has styled its present motion as a rule 12(c) motion for judgment on the pleadings. A defendant may use a rule 12(c) motion after the close of the pleading to raise various rule 12(b) defenses regarding procedural defects, in which case courts apply the same standard applicable to the corresponding 12(b) motion. 5A Wright & Miller, § 1367 at 516 (noting that rule 12(c) can serve as an "auxiliary device" for asserting such defenses). Here, however, Defendant seems to use rule 12(c) in its customary application to attempt to dispose of the case on the basis of the underlying substantive merits. *Id.* at 519 (stating that rule 12(c) is "primarily addressed to" this function). For this latter type of rule 12(c) motion, the appropriate standard is that applicable to summary judgment,

*except* that the court may consider only the contents of the pleadings. *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993). Despite this important distinction, Defendant asks Court to impose a burden of production on Plaintiffs to come forward with extrinsic evidence to support their pleadings. This request is inappropriate because it is not the province of the court to weigh extrinsic evidence (or the lack thereof) when reviewing a motion brought pursuant to rule 12(c). Rather, the Court limits its review to all well-pleaded allegations in the Plaintiffs' pleadings and inferences to be drawn therefrom. *Id.* Confined by this limited review, the Court will grant Defendant's rule 12(c) motion only if the complaint's allegations reveal that no genuine issues of material fact remain to be resolved. *National Fidelity Lie Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). Here, Plaintiffs' complaint alleges that Defendant's collection letters illegally confused consumers in violation of the FDCPA. Defendant disputes this allegation. Thus, the parties' disagreement regarding the letters effect on unsophisticated consumers creates a genuine issue of material fact sufficient to preclude judgement on the pleadings. Although Defendant would like Plaintiff to come forward with extrinsic evidence to support their allegations, this evidentiary burden is not triggered by Defendant's rule 12(c) motion. This is not to say that Defendant is without a procedural device to end the litigation short of trial. Defendant is free to file another motion for summary judgment, which would require the Paintiff to come forward with proof outside the pleadings, such as extrinsic evidence of confusion. *Walker v. National Recovery, Inc.*, 200 F.3d 500, 504 (7th Cir. 1999). If Plaintiffs fail to present evidence to substantiate their confusion claim in response to such a motion, the Court will then deal with the important questions raised by the parties' briefs of whether extrinsic evidence is in fact necessary to sustain Plaintiffs' FDCPA claims.

Before concluding, the Court will briefly address Defendant's argument that the *Walker* Court authorizes district courts to look outside the pleadings when reviewing rule 12(c) motions. In *Walker*,

3

the Court stated:

> [I][f a plaintiff who files a formally sufficient complaint does nothing to back it up after the defendant moves for dismissal, the district court may enter judgment on the pleading under Rule 12(c).

*Walker*, 200 F.2d at 504. Defendant takes the court's statement out of context. The *Walker* Court was addressing FDCPA plaintiffs who chose to rest their case solely on the text of the disputed collections letters. The court's declaration was not meant to suggest that district courts are free to consider evidence outside the pleadings when reviewing rule 12(c) motions however. Rather, if the plaintiff makes an affirmative statement that she will rest on the letter alone, under *Walker*, the district court may properly decide the case under rule 12(c) because such a ruling would not require the court to consider matters outside the pleadings. In the present case, Plaintiffs have certainly not indicated that they intend to rest solely on the letters themselves, as evidenced by their attempt to introduce an expert witness to corroborate their confusion claims. Therefore, the scenario envisaged by *Walker* does not apply here.

While it may true that Plaintiffs have not provided the Court with any indication of the evidence they plan to use to prove their claim beyond the letters themselves, a judge may not toss out a complaint even if the judge believes that proof is unlikely to be forthcoming. *Id.* at 503. Once the plaintiff is able to successfully state a claim, the Court must give the plaintiff the opportunity to present evidence in support of that claim. If it turns out that the evidence is wholly one-sided, then it is possible to end the case by summary judgment under rule 56, but not under rule 12(c). For these reasons, the Defendant's motion for judgment on the pleadings is **denied**.

IT IS SO ORDERED

9/5/03

William J. Hibbler
United States District Court

4